OPINION
James Hubler appeals from a judgment of the Montgomery County Court of Common Pleas, which sentenced him to five years of community control pursuant to Hubler's prior plea of no contest to and the trial court's finding him guilty of breaking and entering an unoccupied structure in violation of R.C. 2911.13(A).
On July 17, 2000, Hubler was indicted on one count of breaking and entering an unoccupied structure in violation of R.C. 2911.13(A). Hubler pled not guilty at his arraignment on July 26, 2000. Following several continuances while the defense counsel attempted to obtain a transcript of the preliminary hearing, the case was scheduled for trial on March 19, 2001. On that date, Hubler entered a no contest plea rather than proceed to trial. The trial court fully complied with Crim.R. 11, advising Hubler of the effect of his plea and inquiring into whether it was made knowingly, voluntarily, and intelligently. On April 25, 2001, before sentencing, Hubler filed a motion to withdraw his no contest plea. The trial court held a hearing on this motion on May 31, 2001. Hubler testified that he had been ill when he pled no contest and that he had not understood the effect of his plea. He also testified that his attorney had not advised him that he could be found guilty after pleading no contest but merely told him that he would get to go home if he did so. The trial court overruled Hubler's motion on May 31 and sentenced him to five years of community control sanctions.
Hubler raises one assignment of error on appeal.
 THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING DEFENDANT/APPELLANT'S MOTION TO WITHDRAW HIS NO CONTEST PLEA.
Crim.R. 32.1, which governs the withdrawal of a plea, provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
This court has held that motions to withdraw a plea that are filed before sentencing are to be "fully allowed," creating a "preference for a defendant's exercise of his right to trial as opposed to the need to protect the integrity of the plea process." State v. Moore (Feb. 18, 2000), Clark App. No. 99CA47, unreported, citing State v. Xie (1992),62 Ohio St.3d 521, 523. However, in Xie, the supreme court went on to state:
 Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * *
Xie, 62 Ohio St.3d at 526, citing Barker v. United States (C.A.10, 1978), 579 F.2d 1219, 1223 (omissions in original). As in Xie, both parties agree that the appropriate standard is abuse of discretion.
Hubler argues that the trial court abused its discretion in denying his motion to withdraw his March 19, 2001 no contest plea. He contends that he was very ill with food poisoning and that he did not understand the consequences of his no contest plea. Hubler concedes that the trial court "was careful to follow the mandates of Crim.R. 11."
His argument, therefore, is not that the trial court failed to ensure that he understood. Rather, he argues that his illness affected his ability to understand even though he denied exactly that at the time of the plea. At the change of plea hearing, he also testified that he followed his attorney's advice to plead no contest without understanding that the court could then find him guilty. Notably, at the time of the plea, Hubler stated that he was satisfied with his legal representation.
We have reviewed the transcript in this case and cannot find that the trial court abused its discretion in overruling Hubler's motion to withdraw his no contest plea. The trial court conducted a hearing on the motion and heard testimony from Hubler. Following Hubler's testimony at the change of plea hearing, the trial court denied his motion, finding that his testimony lacked "any semblance of credibility" and that "the transcript on these matters speaks clearly for itself that the defendant understood all of the ramifications of the plea." It is not sufficient that Hubler now disagrees with the trial court's decision. He has the burden of establishing that the trial court abused its discretion, which he has failed to do. We find very persuasive the fact that Hubler appeared to fully understand the effect of his no contest plea when he made it. The trial court specifically questioned him regarding the effect of his illness on his ability to understand, and Hubler assured the court that he was able to understand. Furthermore, the trial court specifically stated to Hubler: "You should, however, understand that it is quite likely that the Court is going to find you guilty of the offense upon entering the plea. Do you understand?" Hubler replied that he did. After fully informing Hubler regarding his waiver of constitutional rights, the court stated: "The Court will enter a finding of guilty against the Defendant for the indicted charge." At this point, Hubler should have understood that the court could find and had found, him guilty. Furthermore, the transcript of the hearing on the motion to withdraw the no contest plea demonstrates that Hubler had previously pled no contest and subsequently been found guilty by the trial court in a previous case. Therefore, we conclude that the trial court reasonably determined that Hubler's claimed lack of understanding is implausible. The trial court did not abuse its discretion in overruling Hubler's motion to withdraw his no contest plea.
The sole assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.